**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

GERALD ADAMS and JULIA JONES,

*Plaintiffs,*

v.

DMG INVESTMENTS, LLC, et al.,

*Defendants.*

Civil Action No. 21-17442

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

In this matter, Plaintiffs Gerald Adams and Julia Jones, an African American couple, allege that Defendants discriminated against them when showing available units in a luxury high-rise building and that Defendants' discrimination continued after Plaintiffs purchased and moved into a unit in the building. Plaintiffs assert claims under the Fair Housing Act ("FHA") and the New Jersey Law Against Discrimination ("LAD"), amongst others. Currently pending before the Court are Defendants' motions to dismiss. D.E. 17, 36, 37, 39. Defendants One Park Condominium Association, Inc. (the "Association") and DMG Property Management ("DMG Management" and collectively, the "Management Defendants") also filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). D.E. 38. Plaintiffs filed briefs in opposition, D.E. 26, 42, 43, to which Defendants replied, D.E. 44, 45.[1] The Court reviewed the parties'

---

[1] The Management Defendants filed three motions seeking to dismiss the Amended Complaint on three separate grounds. D.E. 36, 37, 39. Plaintiffs filed a single opposition addressing all three motions to dismiss, in addition to the Management Defendants' motion for a more definite statement. D.E. 42. Further, Defendants DMG Investments, LLC ("DMG Investments") and

submissions[2] and decided the motions without oral argument pursuant to Federal Rule of Civil

Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons stated below, Defendants' motions

are **GRANTED in part** and **DENIED in part**.

## I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiffs own a unit at One Park, a luxury high-rise building in Cliffside Park, New Jersey.[3]

Am. Compl. ¶ 5, 8.  Plaintiffs allege that prior to purchasing their unit, DMG Park lied about which

units were available and would only show Plaintiffs certain units because of their race.  *Id.* ¶ 9.

Plaintiffs claim that Defendants' discriminatory conduct continued after Plaintiffs purchased and

moved into their unit.  Plaintiffs maintain that Defendants "have engaged in a campaign of

systemic harassment and discriminatory actions" against Plaintiffs because they are African

---

DMG Park, LLC ("DMG Park") filed a motion to dismiss Plaintiffs' initial complaint.  Plaintiffs subsequently filed a cross-motion seeking leave to file an amended complaint.  D.E. 25.  Because of Plaintiffs' cross-motion, this Court terminated DMG Park and DMG Investment's motion without prejudice.  D.E. 30.  Judge Waldor granted Plaintiffs' cross-motion, D.E. 33, and Plaintiffs filed the Amended Complaint, D.E. 34.  DMG Investments and DMG Park then filed a letter brief requesting that their motion be reinstated and explaining why the Amended Complaint should be dismissed on the same grounds as initially raised.  D.E. 35.  The Court reinstated the motion to dismiss.

[2] For purposes of this Opinion, the Court refers to DMG Investments and DMG Park's brief in support of their motion, D.E. 17-1, as "DMG Park Br."; their letter reinstating the motion to dismiss, D.E. 35, as "DMG Park Ltr."; Plaintiffs' initial opposition to DMG Investments and DMG Park's motion, D.E. 26, as "DMG Park Init. Opp."; Plaintiffs' second opposition, D.E. 43, as "DMG Park Opp."; and DMG Investments and DMG Park's reply, D.E. 45, as "DMG Park Reply".  The Court refers to the Management Defendants' motions by subject.  The Court refers to their motion regarding the parking garage claims, D.E. 36, as "Parking Br."; the motion regarding time-barred claims, D.E. 39, as "SOL Br."; the motion regarding alternative dispute resolution, D.E. 37, as "ADR Br."; and the motion for a more definite statement, D.E. 38, as "12(e) Br.".  Finally, the Court refers to Plaintiffs' brief opposing the Management Defendants' motions, D.E. 42, as "Mgmt. Opp."; and the Management Defendants' reply, D.E. 44, as "Mgmt. Reply".

[3] The factual background is taken from Plaintiffs' Amended Complaint.  D.E. 34.  When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded facts in a complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

American.  *Id.* ¶¶ 15-16.  Plaintiffs document a number of instances of alleged discriminatory conduct beginning in 2019 and continuing through 2021, including denying Plaintiffs building services, failing to respond to complaints, and making false accusations against Plaintiffs.  *Id.* ¶ 17.  The alleged discriminatory conduct was committed by multiple individuals, who Plaintiffs contend are "agents, employees or otherwise acting on behalf of Defendant DMG Park LLC, DMG Investments LLC and DMG Property Management."  *Id.* ¶ 96.  Plaintiffs note that similarly situated Caucasian owners have not been subjected to the same treatment.  *Id.* ¶ 18.  Plaintiffs further allege that their cars have been damaged in an automated garage at One Park.  *Id.* ¶¶ 86.  Plaintiffs continue that Ms. Jones was subjected to discriminatory treatment relating to the condominium board elections in March 2021.  *Id.* ¶¶ 97-100.

Plaintiffs filed their initial Complaint, alleging a housing discrimination claim under the FHA (Count One); a housing discrimination claim under the LAD (Count Two); a retaliation claim, presumably under the FHA and the LAD (Count Three); a breach of contract claim relating to the parking garage (Count Four); and a negligence claim relating to Defendants' operation of the parking garage (Count Five).  D.E. 1.  Plaintiffs' claims can be grouped into two categories: (1) the housing discrimination claims (Counts One through Three) and (2) the parking garage allegations (Counts Four and Five).  The parties seem to treat these allegations separately so for purposes of deciding the instant motions, the Court does as well.

Plaintiffs are also parties to a case that is currently pending in New Jersey state court.  In that matter, fourteen residents, including Plaintiffs, filed suit against Defendants and additional parties for the alleged mismanagement of One Park.  Am. Compl. ¶ 101; *see also* McNulty Cert., Ex. B, D.E. 36-2.  The state court plaintiffs assert multiple common law claims, including claims for breach of contract, negligence, breach of fiduciary duty; a violation of the New Jersey

Condominium Act, N.J. Stat. Ann. § 46:8B-8.1; and a violation of the New Jersey Consumer Fraud Act.  Am. Compl. ¶ 101.

After Plaintiffs filed their Complaint in this matter, Defendants filed motions to dismiss, and the Management Defendants filed a motion for a more definite statement.  D.E. 10, 11, 12, 13, 17.  Plaintiffs filed opposition to the motions, D.E. 26, 27, and a cross-motion seeking leave to file an amended complaint, D.E. 25.  Because of Plaintiffs' cross-motion, the Court terminated Defendants' motions without prejudice and explained that after the cross-motion was decided, they could reinstate their motions via a letter filed on the docket.  D.E. 30.  Judge Waldor granted Plaintiffs' cross-motion, D.E. 33, and Plaintiffs filed the Amended Complaint, D.E. 34.  DMG Investments and DMG Park subsequently filed a letter brief requesting that their motion be reinstated, D.E. 35, while the Management Defendants filed new motions as to the Amended Complaint, D.E. 36-39.

## II.     MOTION TO COMPEL ARBITRATON

The Management Defendants argue that the Court must dismiss the Amended Complaint and compel Plaintiffs to arbitrate their claims.  ADR Br. at 6-8.  The motion is titled as a motion to dismiss and compel alternative dispute resolution.  D.E. 37.  But while styled as a motion to dismiss, the Management Defendants' brief in support includes a statement of undisputed material facts that includes information not pled in the Amended Complaint.  *See* ADR Br. at 4-5.  Whether the Court construes this motion as a motion to dismiss under Federal Rule of Civil Procedure 12 or a motion for summary judgment impacts what information the Court can consider, and potentially, the outcome of the Management Defendants' motion.

"Where the affirmative defense of arbitrability of claims is apparent on the face of the complaint (or . . . documents relied upon in the complaint)", courts should apply the Rule 12(b)(6)

standard to decide a motion to compel arbitration. *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Cap. Lenders, LLC*, 832 F. Supp. 2d 474, 481 (E.D. Pa. 2011)). The Rule 12(b)(6) standard, however, is inappropriate when the complaint does not contain the "requisite clarity to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement[.]" *Id.* at 774 (internal quotations and citations omitted). In *Guidotti*, the Third Circuit explained that in a situation of "arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record" and "the issue should be judged under the Rule 56 standard." *Id.* at 774 (citations omitted).

Here, the Amended Complaint does not reference any arbitration agreement. Rather, the Management Defendants maintain that Plaintiffs must arbitrate their claims pursuant to the New Jersey Condominium Act. ADR Br. at 7. Accordingly, the Court must go beyond the face of the pleading to address the Management Defendants' argument for arbitration. In doing so, the court uses the Rule 56 standard to "ensur[e] that arbitration is awarded only if there is an express, unequivocal agreement to that effect." *Guidotti*, 716 F.3d at 773 (internal quotation omitted). The *Guidotti* court further explained that

> [I]f the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Id.* at 776; *see also Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 317 (3d Cir. 2022) (explaining that after the plaintiffs "brought forth sufficient facts to place the arbitration agreements in

question," they should have been allowed limited discovery on the issue of arbitrability before the defendant had an opportunity to file a renewed motion to compel arbitration).

The New Jersey Condominium Act provides in relevant part that "[a]n association shall provide a fair and efficient procedure for the resolution of housing-related disputes between individual unit owners and the association, and between unit owners, which shall be readily available as an alternative to litigation." N.J. Stat. Ann. § 46:8B-14(k); *see also* N.J. Stat. Ann. § 45:22A-44(c) ("The association shall provide a fair and efficient procedure for the resolution of disputes between individual unit owners and the association").  Although the Association is statutorily required to provide for an alternative dispute resolution process, the Management Defendants fail to explain whether such a procedure is in place or what the procedure entails. Therefore, because the Management Defendants do not establish that there is an express, unequivocal agreement to arbitrate any claims with Plaintiffs, the Court cannot compel arbitration at this time.

Moreover, Plaintiffs plead that this Court has federal question jurisdiction over the matter by virtue of their FHA claim, 42 U.S.C. § 3604.  Plaintiffs further plead that this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the remaining New Jersey statutory and common law claims.  Am. Compl. ¶ 1.  The Management Defendants also do not explain how a New Jersey statute can require any party to arbitrate a federal statutory claim.  Thus, even if the Management Defendants identified an agreement, it is unclear how it would impact this matter. *See Surrick v. Killion*, 449 F.3d 520, 531 (3d Cir. 2006) ("Under the Supremacy Clause, when state law conflicts or is incompatible with federal law, the federal law preempts the state law."). Accordingly, the Management Defendants' motion to dismiss and compel arbitration is denied without prejudice.  Although it may ultimately be irrelevant, the Court will provide the parties with

limited discovery as to the issue of arbitrability.  After this discovery, the Management Defendants may renew their motion to compel arbitration.

### III.    FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ARGUMENTS

Next, Defendants seek to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]"  To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  A plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint in a light most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may

dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### A. Group Pleading

DMG Park and DMG Investments maintain that the Amended Complaint must be dismissed as to them because Plaintiffs use "group pleading," in violation of Federal Rule of Civil Procedure 8. DMG Park Ltr. at 2; DMG Park Br. at 9-11. The Court partially agrees.

Group pleading fails to meet the plausibility requirement. *See, e.g., Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015); *see also Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."). "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012). Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to state a claim. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). Instead, a plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* As a result, courts within this district dismiss complaints that contain impermissible group pleading. *See, e.g., Sheeran*, 2015 WL 9048979, at *3 (dismissing the complaint because it "fails to separate out the liability for each defendant").

Turning first to the allegations against DMG Park, Plaintiffs attribute specific wrongful discriminatory conduct to it. Plaintiffs plead that prior to purchasing their unit, DMG Park lied about which units were available for sale because of Plaintiffs' race. Am. Compl. ¶ 9. This

allegation puts DMG Park on notice of a specific instance of its alleged wrongful conduct relevant to Counts One through Three.  Plaintiffs, however, do not specifically allege that DMG Park engaged in wrongdoing related to the parking garage claims.  In fact, Plaintiffs explain that the parking garage claims are collectively pled against Defendants "until it is determined who is responsible for the maintenance, operation, and control of the parking garage."  DMG Park Opp. at 5.  But Plaintiffs must nevertheless comply with Rule 8.  If Plaintiffs obtain information through discovery that ties DMG Park to the parking garage claims, Plaintiffs can seek to amend their complaint accordingly.  Plaintiffs cannot group Defendants together at the pleading stage and hope to refine their claim through discovery.  Counts Four and Five, therefore, are dismissed as to DMG Park.

As for DMG Investments, Plaintiffs allege that DMG Investments would not provide insurance information to Plaintiffs after their vehicle was damaged.  Am. Compl. ¶ 86(c).  This allegation puts DMG Investments on notice of a specific instant of its alleged wrongdoing for the parking garage claims.[4]  But Plaintiffs fail to allege that DMG Investments refused to provide insurance information because of Plaintiffs' race.  Moreover, Plaintiffs do not otherwise attribute any alleged wrongful conduct to DMG Investments.

With respect to the housing discrimination claims, Plaintiffs document multiple instances of alleged discriminatory conduct from numerous individuals, including property managers, superintendents, and handymen.  Plaintiffs plead that upon information and belief, each individual is an "agent, employee[] or otherwise acting on behalf of" DMG Park, DMG Investments and DMG Management.  *Id.* ¶ 96.  A plaintiff may plead facts upon information and belief "where it

---

[4] DMG Investments does not otherwise argue that Counts Four and Five are implausibly pled.  As a result, the Court does not address whether Plaintiffs' plausibly plead a negligence or breach of contract claim as to DMG Investments.

can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control – so long as there are no boilerplate and conclusory allegations, and plaintiffs accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (internal punctuation omitted)).  Facts pled on information and belief must "set forth the 'specific facts upon which the belief is reasonably based.'"  *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 488 (D. Del. 2010) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009)).

Plaintiffs' "upon information and belief" allegation here is boilerplate and conclusory. Plaintiffs fail to set forth specific facts setting forth a reasonable basis for their belief and it is implausible that each of these individuals was an agent and/or employee of all three entity Defendants.  Moreover, Plaintiffs fail to explain why the employer/principal of these individuals is peculiarly within any Defendants' control, especially in a case that has been pending for more than a year.  Consequently, the Court finds that the information and belief allegation is insufficient.

Without the upon information and belief allegation, Plaintiffs improperly group Defendants together and do not tie any of the alleged wrongful conduct to DMG Investments. Plaintiffs do not adequately allege that any individual involved in the discriminatory conduct was an agent or employee of DMG Investments, that DMG Investments engaged in any allegedly discriminatory behavior towards Plaintiffs, or that DMG Investments worked with any of the other Defendants.  As a result, Counts One through Three of the Amended Complaint are dismissed as to DMG Investments.

## B. Statute of Limitations

Next, DMG Park and the Management Defendants contend that the housing discrimination claims are time-barred. DMG Park Ltr. at 2; SOL Br. at 8-13. Plaintiffs counter that the alleged wrongful conduct is part of an ongoing, continuing pattern of discrimination. *See* DMG Park Opp. at 6-7. The statute of limitations is an affirmative defense not normally decided on a motion to dismiss. *See Crump v. Passaic County*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015). However, "where the complaint facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate. *Id*.

The statute of limitations for Plaintiffs' FHA and NJLAD claims is two years. 42 U.S.C. § 3613(1)(A); *Alexander v. Seton Hall Univ.*, 8 A.3d 198, 202 (N.J. 2010). Generally, "[t]he statute of limitations begins to run on the day that the act takes place. *Roa v. Roa*, 985 A.2d 1225, 1233 (N.J. 2010). The Amended Complaint addresses alleged discriminatory conduct that started in 2019. *See, e.g.*, Am. Compl. ¶ 22. Plaintiffs filed their complaint on September 23, 2021. D.E. 1. On its face, therefore, incidents that occurred prior to September 23, 2019 are time-barred. However, "'[f]or causes of action arising under anti-discrimination laws, . . . a judicially created doctrine known as the continuing violation theory has developed as an equitable exception to the statute of limitations.'" *Roa*, 985 A.2d at 1231 (quoting *Bolinger v. Bell Atl.,* 749 A.2d 857, 860 (N.J. Super. Ct. App. Div. 2000)); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381 (1982) (applying continuing violation theory to FHA claim).

The continuing violation doctrine provides that "[w]hen an individual is subject to a continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases." *Wilson v. Wal-Mart Stores*, 729 A.2d 1006, 1010-11 (N.J. 1999) (citation omitted). "The premise underlying the doctrine is that the conduct becomes actionable

because of its continuous, cumulative, synergistic nature." *Roa*, 985 A.2d at 1231 (internal quotations and citation omitted). When basing a continuing violation theory on a series of discriminatory events, a plaintiff must show "(1) at least one allegedly discriminatory act occurred within the filing period and (2) the discrimination is more than the occurrence of isolated or sporadic acts of intentional discrimination and is instead a continuing pattern of discrimination." *Bolinger*, 749 A.2d at 860 (quotation omitted). If Plaintiffs do so, they "may recover for damages incurred as a result of the entire continuing violation." *Id.*

Plaintiffs plead that Defendants were collectively engaged in a campaign of systematic harassment and discrimination against Plaintiffs. Am. Compl. ¶ 16. But as discussed, this is a conclusory allegation. Plaintiffs do, however, allege several discrete discriminatory acts involving DMG Management and a few individual employees. Again, this Court finds that Plaintiffs have not sufficiently pled their upon information and belief allegation that the individuals were the agents and/or employees of Defendants DMG Management, DMG Park, and DMG Investors. Without sufficient allegations demonstrating that Defendants and the individual employees were working together, Plaintiffs fail to plead sufficient facts demonstrating that any Defendant was involved in a continuing pattern of discrimination. The Court, therefore, views the allegations as individual events.

The sole discriminatory event involving DMG Park occurred before Plaintiffs purchased their unit at One Park. Although Plaintiffs do not plead when they purchased the unit or when the alleged wrongful conduct involving DMG Park took place, Plaintiffs' allegations about discriminatory conduct after their purchase appears to start in April 2019. *See* Am. Compl. ¶ 22. Accordingly, the DMG Park allegation is time-barred. The housing discrimination claims,

therefore, are dismissed as to DMG Park.[5]  In addition, because the Court concludes that Plaintiffs'
housing discrimination claims are based on individual events, any conduct involving the
Management Defendants is dismissed as time-barred to the extent the conduct occurred prior to
September 23, 2019.  The Court, however, realizes that Plaintiffs may be able to cure these defects
if Plaintiffs can plausibly assert a continuing violation.  Thus, the time-barred claims are dismissed
without prejudice at this time.

### C.  Parking Garage Claims

#### 1.  Supplemental Jurisdiction

Next, the Management Defendants contend that this Court should decline to exercise its
supplemental jurisdiction over Plaintiffs' parking garage claims.  The Management Defendants
assert that these claims do not arise from a common nucleus of operative facts and are duplicative
of claims Plaintiffs assert in the state court matter.  Parking Br. at 10-13.  Plaintiffs maintain that
their federal claims are not duplicative of any claims in the state court matter.  Mgmt. Opp. at 8-9.

This Court has supplemental jurisdiction over Plaintiffs' parking garage claims pursuant to
28 U.S.C. § 1367.  Section 1367 permits federal courts to exercise "supplemental jurisdiction over
all other claims that are so related to claims in the action within such original jurisdiction that they
form part of the same case or controversy under Article III of the United States Constitution."  28
U.S.C. § 1367(a).  Federal courts may exercise supplemental jurisdiction over claims that share "a
common nucleus of operative fact" with claims over which the district court has original
jurisdiction.  *Sarpolis v. Tereshko*, 625 F. App'x 594, 598 (3d Cir. 2016) (citing *Sinclair v.
Soniform, Inc*., 935 F.2d 599, 603 (3d Cir. 1991)).  Here, although the alleged discriminatory

---

[5] Because the housing discrimination claims are dismissed as to DMG Park on statute of limitation
grounds, the Court will not address DMG Park's argument that Plaintiffs do not plausibly plead a
retaliation claim against DMG Park.

conduct may ultimately be irrelevant to Plaintiffs' parking garage claims, Plaintiffs' allegations regarding the parking garage do involve alleged discriminatory conduct.  For example, Plaintiffs allege that DMG Management paid another resident after his car was damaged in the garage, and that this other resident is not African American.  Am. Compl. ¶¶ 87-88.  Consequently, at this stage, Plaintiffs have adequately demonstrated that the parking garage claims are subject to the Court's supplemental jurisdiction.  *See Ojo v. Milrose 179 Harrison, LLC*, No. 20-949, 2022 WL 3670840, at *3 (D.N.J. Aug. 25, 2022) ("Though the federal and state claims clearly differ in both form and substance, they all arise from" the same dispute).

Supplemental jurisdiction, however, is discretionary.  A court may decline to exercise its jurisdiction in the following circumstances:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Again, the Management Defendants maintain that the Court should decline to exercise supplemental jurisdiction because Plaintiffs' parking garage claims are duplicative of their state court claims.  Although the purported problems with the parking garage are raised in both matters, this is not a compelling reason to decline jurisdiction.  The state court plaintiffs assert breach of contract claims against DMG Park, DMG Management and Unitronics,[6] and Plaintiffs are just two of many in the state court matter.  McNulty Cert., Ex. B at ¶¶ 5-14.[7]  Moreover,

---

[6] DMG Management allegedly hired Unitronics to operate the garage.  Am. Comp. ¶ 85.

[7] In deciding a Rule 12(b)(6) motion, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record.  *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  Judicial proceedings are matters of public record.  *Sands v.*

Unitronics is not a party in this matter.  In addition, the parking garage defects are a small component of the breach of contract claims asserted in the state court case.  *See, e.g.*, *id.* ¶ 199 (listing numerous obligations that DMG Park allegedly breached that are not at issue in the instant matter).  Moreover, the plaintiffs in the state court case do not assert a negligence claim against any Defendants here as to the alleged negligence in operating the parking garage.  Instead, the state court plaintiffs assert a negligence claim against DMG Investments for its failure to properly maintain One Park, *id.* ¶¶ 255-56, and a claim against DMG Management for its failure to manage One Park "in a secure and proper manner consistent with" the relevant agreements with the Association, *id.* ¶¶ 257-58.  In sum, Plaintiffs' claims here are not truly duplicative to their claims in the state court matter.  The Court, therefore, will retain supplemental jurisdiction over the parking garage claims.

### 2.  Failure to Join an Indispensable Party

The Management Defendants also argue that the parking garage claims must be dismissed because of Plaintiffs' failure to join Unitronics, an allegedly indispensable party.  Parking Br. at 13-16.  While not explicitly stated, the Management Defendants seek to dismiss the parking garage claims on this ground pursuant to Federal Rule of Civil Procedure 12(b)(7), not Rule 12(b)(6).  Rule 12(b)(7) permits a court to dismiss an action for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Federal Rule of Civil Procedure 19 "sets out the circumstances under which it is necessary to join an absent party and, if joinder of that party is not feasible, the factors for determining whether the absent party is indispensable to the action."  *US Tech Sols., Inc. v. eTeam,*

---

*McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *see also JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No. 18-5221, 2019 WL 1951123, at *4 (D.N.J. May 2, 2019) (explaining that "publicly available documents appearing on the docket of Esforme's criminal prosecution are clear examples of matters of public record").  Accordingly, the Court uses the state court complaint to decide the Management Defendants' motion.

*Inc.*, No. 17-1107, 2017 WL 3535022, at *2 (D.N.J. Aug. 16, 2017).  "[I]n pursuing a Rule 12(b)(7)

motion to dismiss, the moving party bears the burden of showing that the absent party is both

necessary and indispensable under Rule 19."  *Id.* (citing *Disabled in Action of Pa. v. Se. Pa. Transp.*

*Auth.*, 635 F.3d 87, 97 (3d Cir. 2011)).  "In considering a motion under Rule 12(b)(7), the court

must accept the factual allegations in the complaint as true and view those allegations in the light

most favorable to the non-moving party."  *Id.*  Moreover, "when making a determination pursuant

to Federal Rule of Civil Procedure 19, a court may consider evidence outside of the pleadings."

*M&B IP Analysts, LLC v. Cortica-US, Inc.*, No. 19-429, 2020 WL 3411027, at *2 (D.N.J. June 22,

2020) (citing *Mediterranean Shipping Co. (USA) Inc. v. Shandex Corp.*, No. 16-2595, 2017 WL

1129593, at *2 (D.N.J. Mar. 23, 2017)).

        In conducting a Rule 19 analysis, a court first "must determine whether the absent [party]

should be joined as [a] 'necessary' part[y] under Rule 19(a)."  *Gen. Refractories Co. v. First State*

*Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).  The Management Defendants argue that Unitronics is

a necessary party because they might "suffer prejudice in their defense if the litigation proceeds .

. . without Unitronics."  Parking Br. at 15.  The Court disagrees.  Rule 19(a)(1) provides that a

party is necessary if

> (A) in that person's absence, the court cannot accord complete relief
> among existing parties; or
> (B) that person claims an interest relating to the subject of the action
> and is so situated that disposing of the action in the person's absence
> may:
>> (i) as a practical matter impair or impede the person's ability to
>> protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of
>> incurring double, multiple, or otherwise inconsistent obligations
>> because of the interest.

Fed. R. Civ. P. 19(a)(1).  The Management Defendants fail to establish that Unitronics falls into

either subsection.  Rather, the Management Defendants focus on the possibility that they will not

have all the evidence related to the parking garage and that the Management Defendants might be assessed a higher share of liability than they deserve.[8]  Parking Br. at 15-16.  Courts, however, "have long recognized that 'it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.'"  *Huber v. Taylor*, 532 F.3d 237, 250 (3d Cir. 2008) (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)).  Unitronics is not a necessary party in this matter.

## IV.    MOTION FOR A MORE DEFINITE STATEMENT

Finally, the Court turns to the Management Defendants' Rule 12(e) motion.  Rule 12(e) allows a party to move for a more definite statement if a pleading is "so vague or ambiguous that the [moving] party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Because the Court is providing Plaintiffs with an opportunity to file an amended pleading, the Management Defendants' Rule 12(e) motion is denied without prejudice.  After Plaintiffs file an amended complaint, the Management Defendants may renew their Rule 12(e) motion if they believe that the amended complaint is still too vague or ambiguous.[9]

## V.    CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 10th day of January, 2023,

---

[8] The Management Defendants have several options to ensure a complete record, including the use of a subpoena for documents and/or testimony.  Similarly, if they can meet the requisite standard, the Management Defendants can implead Unitronics pursuant to Federal Rule of Civil Procedure 14.

[9] The Court notes that "Rule 12(e) motions are a remedy for an unintelligible pleading, but it is not to be utilized to correct a pleading simply lacking in detail."  *Roth v. Clearchoice Mgmt. Servs., LLC*, No. 21-20440, 2022 WL 4011036, at *3 (D.N.J. Sept. 2, 2022).  Therefore, a Rule 12(e) motion "should only be granted under 'strictest necessity.'"  *Id.* (quoting *Gittens v. Experian Info. Sols., Inc.*, No. 13-5534, 2014 WL 1744851, at *2 (D.N.J. Apr. 30, 2014)).

**ORDERED** that One Park Condominium Association, Inc.'s and DMG Property Management, LLC's motion to dismiss the Amended Complaint and compel arbitration, D.E. 37, is **DENIED without prejudice**.  The parties are provided with an opportunity to conduct limited discovery as to the issue of arbitrability.  One Park Condominium Association, Inc. and DMG Property Management, LLC shall contact Magistrate Judge Waldor within ten (10) days from the date of entry of this Opinion and Order to discuss a schedule for such discovery; and it is further

**ORDERED** that One Park Condominium Association, Inc.'s and DMG Property Management, LLC's motion for a more definite statement, D.E. 38, and to dismiss Plaintiffs' breach of contract and negligence claims, D.E. 36, are **DENIED without prejudice**; and it is further

**ORDERED** that One Park Condominium Association, Inc.'s and DMG Property Management, LLC's motion to dismiss Plaintiffs' time-barred claims, D.E. 39, is **GRANTED**; and it is further

**ORDERED** that DMG Park, LLC and DMG Investments, LLC's motion to dismiss, D.E. 17, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that DMG Park, LLC and DMG Investments, LLC's motion is **partially GRANTED** with respect to their group pleading and statute of limitations arguments. Accordingly, the Amended Complaint is dismissed in its entirety as to DMG Park, LLC and Counts One through Three are dismissed as to DMG Investments, LLC; and it is further

**ORDERED** that dismissal as to DMG Park, LLC and DMG Investments, LLC, and the time-barred claims against One Park Condominium Association, Inc.'s and DMG Property Management, LLC, is without prejudice.  Plaintiffs shall have thirty (30) days to file an amended

complaint that cures the deficiencies noted herein.  If Plaintiffs do not file an amended pleading within that time, the claims dismissed herein will be dismissed with prejudice; and it is further

     **ORDERED** that DMG Park, LLC and DMG Investments, LLC's motion to dismiss is otherwise **DENIED**.

_____
John Michael Vazquez, U.S.D.J.